UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

LEONARDO MAQUEIRA, on behalf of himself
and all others similarly situated,

       Plaintiff,

vs.

BCC ENGINEERING, INC., JOSE A. MUNOZ,
MANUEL A. BENITEZ, and ARIEL MILLAN,
Individually,

       Defendants.
_____/

## COMPLAINT

    Plaintiff, LEONARDO MAQUEIRA, (hereinafter referred to as "Plaintiff"), is a former employee of Defendants, BCC ENGINEERING, INC., JOSE A. MUNOZ, MANUEL A. BENITEZ, and ARIEL MILLAN, individually, (hereinafter referred to as "Defendant"), and brings this action on behalf of himself and all other employees and former employees of Defendants similarly situated to him for compensation and other relief under the Fair Labor Standards Act as amended, 29 U.S.C. § 216(b).

    1.    Plaintiff, LEONARDO MAQUEIRA, is a citizen and resident of Miami-Dade County, Florida and within the jurisdiction of this Honorable Court.

    2.    Defendant, BCC ENGINEERING, INC., is a Florida Profit Corporation licensed to do business and doing business in the State of Florida, with a principal place of business in Miami, Miami-Dade County, Florida and within the jurisdiction of this Honorable Court.

1

3. Defendant, JOSE A. MUNOZ, upon information and belief, was at all times material hereto a principal senior management staff, and/or owner of the corporation, and/or officer and/or director of the corporation, of BCC ENGINEERING, INC., and determined its payroll, and controlled the terms and conditions of Plaintiff's employment.

4. Defendant, MANUEL A. BENITEZ, upon information and belief, was at all times material hereto a principal senior management staff, and/or owner of the corporation, and/or officer and/or director of the corporation, of BCC ENGINEERING, INC., and determined its payroll, and controlled the terms and conditions of Plaintiff's employment.

5. Defendant, ARIEL MILLAN, upon information and belief, was at all times material hereto a principal senior management staff, and/or owner of the corporation, and/or officer and/or director of the corporation, of BCC ENGINEERING, INC., and determined its payroll, and controlled the terms and conditions of Plaintiff's employment.

6. Defendant was an employer of the Plaintiff as defined in 29 U.S.C.§ 203(d), and Plaintiff was an employee of Defendant as defined in 29 U.S.C. § 203 (e)(1). At all times hereafter, when referring to "employer", the Plaintiff will be referring to Defendants.

7. This action is brought to recover from Defendants unpaid overtime compensation, commission, liquidated damages, and costs and reasonable attorney's fees under the provisions of Title 29 U.S.C § 201 et seq., and specifically under the provisions of Title 29 U.S.C. § 216(b) (the "Act").

8. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). Defendants are, and at all times pertinent to this Complaint, engaged in interstate commerce. At all times pertinent to this Complaint, Defendants, BCC ENGINEERING, INC.,

regularly operates numerous business. Based upon information and belief the annual gross revenue of Defendants was in excess of $500,000.00 per annum.

9. By reason of the foregoing, Defendant was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in § 3(r) and § 3(s) of the Act, 29 U.S.C. § 203(r) and § 203(s).

10. The additional persons who may become Plaintiffs in this action are other bi-weekly paid and/or salaried employees and/or former employees of the Defendants who are and who were subject to the payroll practices and procedures and who were not paid time and one-half of their regular rate of pay for all overtime hours worked beginning on or after September, 2007.

11. At all times pertinent to this Complaint Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and DOL Regulation 29 C.F.R. §§ 516.2 and 516.4 in that Plaintiff and those similarly situated to Plaintiff performed services for Defendants for which no provisions was made by the Defendants to properly pay Plaintiffs for those hours.

12. Since January 12, 2009 through April 16, 2010, Plaintiff, LEONARDO MAQUEIRA, was employed by Defendants. By reason of such employment, Plaintiff was employed during such period by an enterprise engaged in commerce with the meaning of 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff, himself was engaged in commerce. The work performed by Plaintiff was directly essential to Defendants, BCC ENGINEERING, INC., JOSE A. MUNOZ, MANUEL A. BENITEZ, and ARIEL MILLAN, in interstate commerce, which was directly essential to the business performed by Defendants.

13. Plaintiff's employment with Defendants provided for compensation on a bi-weekly basis. Plaintiff was not paid half-time of his regular rate of pay for all hours worked in excess of

3

forty (40) during a work week.

14. In the course of employment with Defendants, Plaintiff and all other similarly situated employees, worked the number of hours required of them but were not paid their overtime premium of their regular rate of pay for all hours worked in excess of forty (40) during a work week.

15. The records, if any, concerning the number of hours actually worked by Plaintiff and the compensation actually paid to him are in the possession, custody and control of Defendants.

16. Plaintiff asserts he is entitled to his overtime premium for his dates of employment since September, 2007 for a relevant period of 65 weeks.

17. Plaintiff was being compensated at an hourly rate of $23.00 an hour and worked an average of five (5) hours of overtime per week. Based on an hourly rate, Plaintiff claims he was paid straight time and is entitled to half-time for all hours worked in excess of a forty (40) hour work week which calculates to $11.50 ($23.00 ÷ 2 = $11.50) an hour x 5 overtime hours per work week x 65 weeks = $3,737.50. Plaintiff would be entitled to $3,737.50 plus liquidated damages and plus attorneys fees and costs.

## COUNT 1
## RECOVERY OF OVERTIME COMPENSATION

Plaintiff re-adopts and re-alleges all allegations contained in Paragraph 1 through 17 above.

18. Plaintiff is entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess of forty (40) per work week.

19. By reason of said intentional, willful and unlawful acts of Defendants, BCC ENGINEERING, INC., JOSE A. MUNOZ, MANUEL A. BENITEZ, and ARIEL MILLAN, Individually, Plaintiff suffered damages plus incurring costs and reasonable attorney's fees.

20.   As a result of Defendants' willful violation of the Act, all Plaintiff's are entitled to liquidated damages in an equal amount to that set forth in Paragraph 18 above.

21.   Plaintiff demands trial by jury.

**WHEREFORE,** for work weeks beginning on or after September, 2007, Plaintiff, LEONARDO MAQUEIRA, and those similarly situated demands judgment against Defendants, BCC ENGINEERING, INC., JOSE A. MUNOZ, MANUEL A. BENITEZ, and ARIEL MILLAN, Individually, for the wages and overtime payments due them for the hours worked by them for which they have not been properly compensated, liquidated damages and reasonable attorney's fees and costs of suit, and for all proper relief including prejudgment interest.

**DATED THIS** 27th day of September, 2010.

Respectfully submitted,

BECHERT & ASSOCIATES, P.A
JOSEPH M. MAUS, P.,A
Counsel for Plaintiff
901 East Atlantic Blvd.
Pompano Beach, Florida 33060
Tel:   (954) 941-8363
Fax:   (954) 941-8337
Tripchb@aol.com

By:/_____
Charles H. Bechert, III, Esquire
Fla. Bar # 985971